## CIRCUIT COURT OF BALTIMORE CITY

Filed October 30, 1891.

JOHN F. CRISE, ET AL.,
VS.
MERCANTILE TRUST & DEPOSIT CO., EXECUTORS OF JOHN L. CRISE, ETC.

*Thomas R. Clendinen* for plaintiff.
*Brown & Brune* for defendant.

DENNIS, J.—

The question involved in this case is narrow, but new and important, it is to determine the present effect in this State of the probate of a will of lands. At common law, the ecclesiastical courts had exclusive jurisdiction in the matter of probate of wills of personalty; and the probate by them of such wills always held to be final and conclusive. This resulted necessarily from the well settled principle that the action of a court of competent and exclusive jurisdiction upon a subject matter within the scope of that jurisdiction has always been held to be binding upon all the world. But such courts had no jurisdiction whatever as to wills of realty; hence a probate by them of a will devising realty was, so far as the realty was concerned, a nullity. By legislation in this State, commencing with the act of 1715, chapter 39, the orphans' courts are made courts of probate of all kinds of wills with full and exclusive jurisdiction; the language of the Code (8 P. G. L. Art. 93, Sec. 322, &c.) is that they shall have power "to take probate of any will, testament or codicil, whether the same has relation to real or personal estate or to both real and personal estates." Having this full jurisdiction over the subject matter, it would seem to be inevitable that, by virtue of the principle above stated, their action would be final and conclusive in all matters of probate, equally as respects wills of personalty and realty. Such must have been the conclusion of the legislature also, for by a proviso, embodied in the Code of 1860, Art. 93, Sec. 323, it was enacted that "Any probate of a will or codicil taken by the Orphans' Court or Register of Wills, *so far as the same concerns real estate*, shall be taken only as *prima facie* evidence of such will or codicil." Unless, without this provision, the probate of a will of realty would have been equally conclusive as the probate of a will of personalty has always been held to be under our law, the provision would have been wholly superfluous and without meaning. And

thus the law stood the probate of a will of personalty being conclusive and of realty *prima facie* until the act of 1888, Chapter 453, which, with a slight and so far as this question is concerned an immaterial alteration is now embodied in the new Code (2 P. G. L., Art. 93, Sec. 234), and by the act of 1890, Chap. 416, this section has been made identical with the act of 1888. This legislation has wholly taken away the limitation formerly imposed upon the effect of a probate of wills of realty, the section providing the limitation has been repealed and the section re-enacted as to its other features, the provisions as respects wills of realty alone being omitted. It leaves the effect of a probate of wills of realty to stand therefore precisely upon the same grounds as a probate of wills of personalty, both deriving whatever efficacy they may possess from the legal effect of the provision by which jurisdiction as to the probate of both classes of wills is vested in the Orphans' Court. As we have seen, the effect of conferring this jurisdiction has been to make the action of that court conclusive as respects the probate of wills of personality and since the limitation has been removed, I am of the opinion that its action upon the probate of wills of realty must be held to be equally binding. This conclusion seems to me to be in line with and enforced by the argument of the Court of Appeals in Johns vs. Hodges, &c, 62 Md. 525, see also Warfield vs. Colvin, 14 Md. 532. As to the other points suggested by the counsel for the plaintiff, viz: That attributing to the act of 1888 the effect above given, it deprives the plaintiff of his right to bring his action of ejectment, a right which had already accrued prior to the passage of the act, and hence is unconstitutional because depriving him of a vested right it need only be said that the act destroys no rights, but relates solely to the *force and effect of evidence;* and over such matters the legislature has absolute control. He can still bring his action of ejectment; if the legislature has chosen to provide that the evidence offered shall have a different effect from formerly, he must submit.